# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

SANDRA FAYE VIRGIL,

Plaintiff,

v.

HAMPTOM COURT WESTLAND, LLC,

Defendant.

Case No. 2:19-cv-01723-JAD-DJA

**REPORT AND RECOMMENDATION**

This matter is before the Court on pro se Plaintiff Sandra Virgil's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1) and Complaint (ECF No. 1-1), filed on October 3, 2019.

The Court finds that Plaintiff's application is incomplete. Plaintiff indicates that she is incarcerated at "counter & judge as a criminal," while also indicating that she is not incarcerated. (ECF No. 1, 1). She also states that she has some income, but it is unclear how much or how frequently she is paid. *Id.* She failed to complete question 3 regarding other income. Finally, her expenses are largely illegible. As a result, the Court cannot determine whether Plaintiff is eligible to proceed in forma pauperis. However, given the fatal flaws in the complaint, the Court will recommend that her application be denied as moot.

Preliminarily, Plaintiff claims to be homeless, having left no address upon filing this lawsuit. She also filed a Notice (ECF No. 3) on November 25, 2019 that fails to include any address or update her contact information as required by LR IA 3-1. In addition, although possibly attempting to challenge an eviction proceeding, Plaintiff's complaint is largely incomprehensible. Moreover, Plaintiff's subsequently filed Notice (ECF No. 3) is again incomprehensible. 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

1  Plaintiff has failed to state any sort of cognizable claim, or even any claim at all.  The Court
2  cannot decipher any logical set of facts in her submission, or any rights that may have been
3  violated.  As such, the Court therefore concludes that this case is frivolous because it lacks an
4  arguable basis in law and fact. *See Neitzke*, 490 U.S. at 325.  As Plaintiff's complaint is factually
5  frivolous and does not set forth a plausible claim, it should be dismissed without leave to amend
6  as it is apparent that amendment is futile.

7  Moreover, the complaint does not purport to bring a claim arising under federal law, nor is
8  there any showing that diversity jurisdiction exists in this case.  *See* 28 U.S.C. §§ 1331, 1332.  As
9  such, the complaint does not establish this Court's subject matter jurisdiction.  This again
10 supports dismissal without leave to amend as amendment would be futile.

11 Finally, the Court notes that Plaintiff has filed other lawsuits in this District Court,[1]
12 including *Virgil v. Clark Housing Authority, et al.*, Case No. 2:13-cv-1050-APG-NJK that was
13 dismissed with prejudice.  Although difficult to determine as Plaintiff's allegations in the
14 complaint are incomprehensible, claim preclusion likely operates to bar this lawsuit.

## **RECOMMENDATION**

16 For the foregoing reasons, IT IS HEREBY RECOMMENDED that this case be
17 **DISMISSED** and that Plaintiff's application to proceed *in forma pauperis* be **DENIED** as moot.

## **NOTICE**

19 Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be
20 in writing and filed with the Clerk of the Court within 14 days of service of this document. The
21 Supreme Court has held that the courts of appeal may determine that an appeal has been waived
22 due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142
23 (1985).  This circuit has also held that (1) failure to file objections within the specified time and
24 (2) failure to properly address and brief the objectionable issues waives the right to appeal the
25 District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez*

---

[1] Plaintiff also filed *Virgil v. State of Nevada, et al*, Case No. 2:11-cv-1970-JCM-CWH, which was dismissed as frivolous and due to Plaintiff's request to close the case.  (ECF No. 7).

*v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: December 27, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE